THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINSTRATORS, INC,

    Plaintiff,

    v.

DHD TRUCKING LLC, a Washington limited liability company,

    Defendant.

CASE No. 21-cv-01665-RAJ

**ORDER**

This matter comes before the court on Plaintiff's Motion and Affidavit for Default Judgment. Dkt. # 10. For the reasons below, the Court **GRANTS** the motion.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as true, except for facts related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where the facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826

ORDER – 1

F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

This is an ERISA dispute. Plaintiff is the authorized administrative agent for and assignee of the Western Conference of Teamsters Pension Trust Fund. Dkt. # 10 at 2. Defendant is bound to a collective bargaining agreement with Local 174 of the International Brotherhood of Teamsters (hereinafter, "Local"). Id. at 2; Dkt. # 11-1 at 16. This agreement requires Defendant to promptly and fully report and pay monthly contributions to Plaintiff at varying, specified rates for work done by employees represented by the Locals. *Id.* The evidence presented by Plaintiff establishes that Defendant is liable for failing to pay contributions and dues owed for the September 2020 period. Dkt. # 10, ¶ 17; Dkt. # 11-1 at 74-80. Specifically, Defendant failed to pay contributions in the amount of $707.70. *Id.* at 80. The trust contribution terms also entitle Plaintiff to liquidated damages amounting to 20% of the liability, or $141.54 in this case. Additionally, interest accrues at varying annual rates until contributions are paid. Dkt. # 10, ¶ 17; Dkt. # 11-1 at 9, 16. Plaintiff's counsel is ordered to provide the Court with an updated accounting of the interest owed within <u>fourteen (14) days</u> of this order so that judgment may be entered.

In addition, Plaintiff requests attorneys' fees and costs. Although the hourly fees of non-attorneys are included in the request, Plaintiff has established that its counsel does not incorporate non-attorney work into his hourly rate and has established that counsel actually bills Plaintiff for the work of non-attorneys. *See* Dkt. # 10, ¶ 14; Dkt. # 8-1 at 6. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees

ORDER – 2

of both Plaintiff's counsel and counsel's hourly-billing support staff.  The Court finds that Plaintiff's evidence supports an attorney's fee award of $680.25 and costs of $495.36.

For the reasons above, the Court **GRANTS** Plaintiff's motion.

Dated this 12th day of December, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3